### THE STATE v. ROGERS ET AL.

1. **Justice of the Peace:** SUCCESSOR IN OFFICE: RE-TAXATION OF COSTS.
   A justice of the peace rendered judgment in a criminal proceeding before
   him, taxing the costs against the prosecuting witness, and no appeal
   from such order was taken. More than three years thereafter the prose-
   cuting witness filed a motion before the successor in office of said justice
   to re-tax said costs. *Held*, that such successor acquired no jurisdiction
   in the premises, and that the motion was unauthorized by law, and
   was properly overruled.

*Appeal from Fayette District Court.*

MONDAY, JUNE 12.

ON the 20th day of October, 1878, H. Rush filed in the
office of T. H. Whiting, a justice of the peace, an information
charging the defendant, J. W. Rogers, with "having threat-
ened to kill and murder Henry Rush." On October 23, de-
fendant, J. W. Rogers, took a change of venue from said T.
H. Whiting to J. A. Greever, a justice of the peace, and on
the same day a transcript from Whiting was duly filed before
said Greever. On the same day the defendant appeared be-
fore said Greever, no person appearing on behalf of the State.
The defendant then asked an adjournment of the case until the
4th day of November, 1878, in order to procure counsel and
witnesses, which was granted by the court. Defendant gave
bond for his appearance in the sum of $400. November 2,
1878, Joseph Baldwin, bondsman for defendant, appeared and
surrendered defendant to the court, recommending L. Desart
as a suitable person to whose custody he should be entrusted.

The court therefore appointed Desart as a special constable, and gave him charge of the defendant to bring him before the court for trial as per adjournment. The costs of the proceeding up to and including those made on November 4, 1878, amounted to $29.20. On November 4, 1878, the cause was called, and D. W. Clements appeared on behalf of the State, and filed a motion of withdrawal and dismissal of the action and complaint against J. W. Rogers, and notified the court that he withdrew from the cause. The justice overruled the motion of withdrawal and dismissal of the action and decided to proceed to hear and try the case. D. W. Clements was one of the attorneys from the commencement of the proceedings, was present before Whiting, J. P., and was authorized and directed by Rush, the prosecuting witness, to appear at the trial before J. A. Greever, on November 4, 1878, and withdraw and dismiss said case. After the filing of the motion withdrawing the case, no other or further appearance was made in said case by any person, at any time, in behalf of the State. On November 4, the justice issued a subpoena for H. Rush, and delivered it to J. Follot, constable, for service. The defendant appeared in charge of L. Desart, special constable, and each and every witness for the State, including Rush, the informant, was duly called after 11 o'clock of said day, none of whom answered or appeared. The court thereupon issued an attachment for H. Rush, prosecuting witness, to bring him into court on Novenber 25, 1878, at 10 o'clock, A. M., and then adjourned the case until that time. The defendant was then admitted to bail in the sum of $1,000. On the same day, Nov. 4, 1878, the defendant's bondsman surrendered him by certified copy of the bond, and authorized the said Desart to arrest the defendant. The court deputed Desart to hold the defendant in his custody till the said 25th day of November, and bring him into court at 10 o'clock of said day. On Nov. 25, 1878, the defendant appeared in custody. No person appeared in behalf of the State. Rush had been arrested on justice's attachment and released by writ of *habeas corpus*, which were

then reported to the court. Thereupon the court continued the case until the 18th day of Dec., 1878, at 10 o'clock A. M. and, in default of bail, appointed Ira Foote special constable to take the defendant into his custody and to bring him into court on said day, at the hour appointed. Dec. 18, 1878, the defendant appeared in court in custody of Ira Foote, constable, and reported ready for trial. No person appeared for the State. The warrant for attachment was returned into court with the writ of *habeas corpus* thereto attached. The court then made the following entry, to-wit:

"The court considers that as a duly subpoenaed witness was relieved on said writ in the District Court from obeying the said subpoena of this court, and there being no appearance whatever for prosecution, this cause is therefore dismissed; the court considered and adjudged that the prosecuting witness, H. Rush, shall pay the costs of this prosecution, the same being without probable cause. The court therefore renders judgment herein against said Henry Rush, for the sum of $250.30, the costs of this prosecution." In all the proceedings had before said justice, no witness was either called or sworn, nor was any testimony taken by him. After the withdrawal and dismissal of said complaint before Greever, Nov. 4, 1878, there were costs made in the case and taxed against Rush, the prosecuting witness to the amount of $221.10.

On January 28, 1882, H. Rush, the prosecuting witness, served on Cyrus Wellington, district attorney of the 10th judicial district, a notice that on February 10, 1882, at 12 o'clock, noon of said day, he would apply to Philip Dowse, jr., a justice of the peace, successor of A. J. Greever, justice of the peace, asking that the costs taxed against H. Rush for $250.30, on Dec. 18, 1878, be re-taxed. On Feb. 10, 1882, H. Rush appeared before said justice, at the hour named in his notice. There was no appearance for the State. H. Rush then filed in justice's court, before Philip Dowse, jr., justice of the peace and successor to J. A. Greever, the following motion:

"Comes now H. Rush, who was the prosecuting witness in above entitled case, and moves the court that the costs taxed against him in the above entitled cause be re-taxed for the following reasons, to-wit:

"*First.* The record of J. A. Greever, the justice before whom said cause was pending, shows that the connection of H. Rush, the prosecuting witness in said case, ceased and terminated on Nov. 4, 1878, by his withdrawal therefrom in open court, as shown by the record.

"*Second.* The costs taxed in said case, made subsequent to the withdrawal of the case, were illegal, exorbitant and unnecessary, as shown by the record.

"*Third.* That the amount of $221.10 was illegally and unjustly taxed against him in said cause. He therefore asks that said costs be re-taxed, and the amount thereof be reduced by the amount so illegally and unjustly taxed."

The justice overruled the motion and refused to re-tax said costs. H. Rush excepted and gave immediate notice of appeal to the District Court. On February 15, 1882, the case was filed in the Fayette District Court. On the 17th day of Feb., 1882, the cause came on to be heard, and the court rendered judgment, affirming the judgment of the justice of the peace. H. Rush, the prosecuting witness, appeals.

*Reuben Noble* and *Ainsworth & Hobson*, for appellant.

*Smith McPherson, Attorney-general*, and *Cyrus Wellington, District Attorney*, for the State.

DAY, J.—The appellant, Rush, instituted a proceeding against Rogers to compel him to give security to keep the peace, under the provisions of chapter 4, title 25 of the Code. Where a defendant is discharged upon preliminary examination, or upon trial before a justice of the peace, and the costs are taxed against the complainant, an appeal to the District Court is specifically provided for. See §§ 4254, 4691 of the Code. Section 4118

1. JUSTICE of the peace: successor in office: re-taxation of costs.

of the Code, which provides for the taxation of costs against the complainant, in a proceeding for security to keep the peace, makes no provision for an appeal. We need not determine whether any appeal lies from an order taxing the costs to .the complainant in such a case. Nor are we now called upon to determine whether the justice of the peace, Greever, erred in refusing to dismiss the case at the suggestion of the appellant and in taxing against him the costs subsequently made. No appeal was taken from this action of the justice.

It appears from the record that more than three years after the judgment for costs was rendered, the appellant moved Philip Dowse, the successor of Greever, for a re-taxation of costs. It was from the judgment of Dowse, refusing to re-tax the costs, that Rush appealed to the District Court, and it is from the judgment of the Distsict Court affirming the judgment of Dowse, that Rush now appeals to this court. Whatever might have been the rights.of Rush, if he had prosecuted a timely appeal from the judgment of Greever, we are clearly of opinion that he has now no standing in court; there is no provision of law, by which Rush was authorized, more than three years after the rendition of the judgment by Greever, to bring it up for review before Dowse, his successor in office. Dowse acquired no jurisdiction in the premises, and hence, properly refused to make an order for the re-taxation of costs. The judgment of the District Court affirming the judgment of the justice of the peace is right, and is

AFFIRMED.